UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TIMOTHY HOLDEN and
KEVA HOLDEN,

    Plaintiffs,                                CASE NO. 04-CV-10359-BC

v.                                        DISTRICT JUDGE DAVID M. LAWSON
                                            MAGISTRATE JUDGE CHARLES BINDER

COUNTY OF SAGINAW,
CITY OF SAGINAW, SAGINAW
POLICE DEPARTMENT, DETECTIVE
MARK LIVELY, GEORGE BEST II,
AUTO OWNERS INSURANCE COMPANY,
McMARTIN, WASH & ASSOCIATES,
MICHAEL THOMAS, MICHAEL DAWAN,
DIANE FROST, DET. SANDRA PATES,
SECURE CARE, INC., individually and
severely in their official, personal
capacities as Agents, Officers, Managers
and Employees acting under the color of state law,

    Defendants.
_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANTS SAGINAW COUNTY,
MICHAEL THOMAS,
AND GEORGE BEST II'S MOTION TO DISMISS
(Dkt. 4)

## I.    RECOMMENDATION

For the reasons stated below, **IT IS RECOMMENDED** that the motion be **GRANTED** and that the claims brought against Defendant County of Saginaw, Defendant Michael Thomas, and Defendant George Best II, be **DISMISSED WITHOUT PREJUDICE**.

**II.    REPORT**

    **A.    Introduction**

By order of U.S. District Judge David M. Lawson, this case was referred to the undersigned Magistrate Judge for general case management on January 10, 2005. (Dkt. 6.) Pending is the above-entitled motion to which Plaintiffs have responded. (Dkt. 29.) Upon review, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), the motion is ready for Report and Recommendation without oral argument.

Plaintiffs Timothy and Keva Holden filed their *pro se* complaint on December 20, 2004. As to Defendants County of Saginaw, Prosecutor Michael Thomas, and Assistant Prosecutor George Best, Plaintiffs' complaint alleges that they "brought false and fraudulent criminal charges against the Plaintiffs," used false witness testimony, gave false information to local media, and authorized an illegal search of Plaintiffs' residence. (Compl., Dkt. 1 at 5.) These allegations are substantially identical to allegations made by Plaintiff Timothy Holden in another pending case, *Holden v. County of Saginaw, et al.*, 04-CV-10250-BC. In that case, a Report and Recommendation was filed on February 25, 2005, recommending dismissal without prejudice because the criminal charges currently pending against Plaintiff Timothy Holden in the courts of Saginaw County render his claims against these County Defendants premature and counsel in favor of abstention until the resolution of the criminal case. (04-CV-10250-BC, Dkt. 20.)

In this case, Defendants Saginaw County, Thomas, and Best filed a motion wherein they move for dismissal on the following grounds: (1) service of process as to the Defendant County and Defendant Best was insufficient and therefore these Defendants should be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure; (2) Plaintiff Timothy Holden has criminal charges currently pending against him that stem from the same facts as the claims in this case, and

therefore the federal court should abstain until the state court criminal case is completed; (3) the complaint fails to comply with Rule 8(a)'s requirement that a complaint contain a short and plain statement of what the claims are and what the grounds are upon which they rest; and (4) the complaint fails to assert sufficient factual support for the claims. (Dkt. 4 at 2-3.)

### B. Service of Process

The motion asserts that service of process upon the Defendant County and Defendant Best was deficient under Rule 4 of the Federal Rules of Civil Procedure. I suggest that Defendants are correct, and, as explained below, I further suggest that service upon Defendant Michael Thomas was also technically defective.

#### 1. Service Upon Individual Defendants Thomas and Best

Rule 4 of the Federal Rules of Civil Procedure governs service of process in a civil action. Rule 4(c) provides that "[t]he plaintiff is responsible for service of a summons and complaint . . . ." FED. R. CIV. P. 4(c)(1). Although it is the plaintiff's responsibility to see that process is served, the rules do not allow a plaintiff to personally serve a defendant, as Rule 4(c) states that "[s]ervice may be effected by any person who is not a party and who is at least 18 years of age." FED. R. CIV. P. 4(c)(2). To avoid the costs associated with hiring someone to serve process, the federal rules allow a plaintiff to mail a written request to a defendant asking that he waive service. FED. R. CIV. P. 4(d). The waiver request must be accompanied by a copy of the complaint as well as other items specified in the rule. FED. R. CIV. P. 4(d)(2).

If a plaintiff chooses not to seek a waiver, the federal rules provide for two methods of personal service upon an individual: one, "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein

3

. . . ," FED. R. CIV. P. 4(e)(2); or two; by effecting service "pursuant to the law of the state in which the district court is located." FED. R. CIV. P. 4(e)(1). In Michigan, service of process upon an individual is governed by Michigan Court Rule 2.105, which provides:

> Process may be served on a resident or nonresident individual by (1) delivering a summons and a copy of the complaint to the defendant personally; or (2) sending a summons and a copy of the complaint by **registered or certified mail, return receipt requested, and delivery restricted to the addressee**. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt **signed by the defendant** must be attached to proof showing service under subrule (A)(2).

MICH. CT. RULE 2.105(A) (emphasis added).

In this case, Plaintiffs apparently attempted service of process by facsimile. This method is not allowed under any rule. *See Nichols v. Moore*, 334 F. Supp. 2d 944, 954 (E.D. Mich. 2004); *Glasser v. Heartland Healthcare Ctr.*, 333 F. Supp. 2d 607, 614 (E.D. Mich. 2003). Plaintiffs also attempted service by certified mail. However, the certified mail return receipt filed with the Court regarding service upon Defendant Best was addressed to Michael Thomas, and was signed for by someone named "C. Hetzner." (*See* Return Receipt, Dkt. 28 at 3.) The return receipt was not signed by Defendant Best, and therefore service upon Defendant Best was not in compliance with the rule.

With regard to Defendant Thomas, the return receipt was addressed to the defendant, but the box for restricting delivery to the addressee was not checked, and therefore a person other than Defendant Thomas signed the receipt. (*See* Return Receipt, Dkt. 19 at 3, signed by "C. Hetzner.") Accordingly, service was defective as to Defendant Thomas, because a "copy of the return receipt signed by the defendant" was not attached to the proof of service.

4

**2.     Service Upon Defendant Saginaw County**

Rule 4(j) applies to service upon state or local governments. It provides that

> [s]ervice upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

FED. R. CIV. P. 4(j)(2). The law of the state with regard to service upon a Michigan county is provided by Michigan Court Rule 2.105(G), which states in relevant part that

> [s]ervice of process on a public, municipal, quasi-municipal, or governmental corporation, unincorporated board, or public body may be made by serving a summons and a copy of the complaint on:
>
> > (1) the chairperson of the board of commissioners or the county clerk of a county;
> >
> > . . . .
>
> The service of process may be made on an officer having substantially the same duties as those named or described above, irrespective of title. In any case, service may be made by serving a summons and a copy of the complaint on a person in charge of the office of an officer on whom service may be made and sending a summons and a copy of the complaint by registered mail addressed to the officer at his or her office.

MICH. CT. RULE 2.105(G).

In this case, the return of service for Defendant County of Saginaw shows that Plaintiffs attempted service upon the County by sending the complaint and summons via registered mail addressed to County Prosecutor Michael Thomas. Delivery was not restricted, and the receipt was signed by "C. Hetzner." (*See* Return Receipt, Dkt. 21 at 3.) Service was not made upon "the chairperson of the board of commissioners or the county clerk" and the county prosecutor clearly is not an "officer having substantially the same duties as those named or described above, irrespective of title." Accordingly, service of process upon the County of Saginaw was not in compliance with the applicable rules.

5

### 3. Conclusion With Regard to Service of Process

Although Plaintiffs have failed to serve process upon these defendants in accordance with the rules, I nevertheless suggest that dismissal of these defendants for this reason would be premature. Rule 4(m) of the Federal Rules of Civil Procedure requires that service of process be effected within 120 days after the filing of the complaint. Because the complaint in this action was filed December 20, 2004, Plaintiffs have until April 19, 2005, to effect timely service. Thus, I suggest that dismissal on the basis of failure to serve process is not warranted at this time.

### C. Abstention Argument

Defendants County of Saginaw, Thomas, and Best also argue that dismissal of the claims asserted against them is appropriate as the incidents described in Plaintiffs' complaint are the subject of criminal proceedings currently pending against Plaintiff Timothy Holden in the Saginaw County Circuit Court. (Dkt. 4, Br. in Supp. of Mot. at 4.) As a starting point, the complaint makes the following allegations against these defendants:

> 12. That the Defendants MICHAEL THOMAS and GEORGE BEST, II, . . . brought False and fraudulent criminal charges against the Plaintiffs, using a false witness that they knew or should have known did not have the information enough to prosecute then used this false information in the Saginaw News, and WNEM TV 5, News in an effort to try them in the court of public opinion before they were at any court hearing, even though the witnesses against [them] were found to be false.
>
> 13. Defendants . . . MICHAEL THOMAS [and] GEORGE BEST, II, on 9/18/04 ordered an illegal search warrant well after they had already search[ed] the Plaintiffs['] home without an[y] type of search warrant, and stated that Terri Sparks indicated that Plaintiff Holden was at John Riggins['] home while they were securing illegal check writing, all of which was false information and shown in open court.
>
> . . . .
>
> 25. The Defendant COUNTY OF SAGINAW, acted through their agents Michael Thomas, George Best, II, to commit the wrongful acts of bringing

6

> false and fraudulent charges against the Plaintiffs in order to falsely prosecute them for acts that they did not do, all with the full knowledge that they did not commit said acts, knowing that their actions would harm the Plaintiffs and subject them to undue expense for attorney fees, damage their reputation in the community and leave them in fear for other undue harm against them, in violation of the Federal Statutes.

(Compl., Dkt. 1.)

Principles of equity, comity and federalism in certain circumstances counsel abstention in deference to ongoing state proceedings. *See Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). *See also Heck v. Humphrey,* 512 U.S. 477, 587 n.8, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) (". . . if a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings"). In this circuit, the time to determine whether abstention is appropriate is when the federal complaint is filed. *Zalman v. Armstrong*, 802 F.2d 199, 204 (6th Cir. 1986).

In *Younger*, the Supreme Court held that a federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate injury. *Younger*, 401 U.S. at 44. The Court has also applied abstention to state civil proceedings which involve important state interests and to a variety of state administrative proceedings. *See Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982). In *Middlesex County,* the Supreme Court enumerated a three-part test to determine whether abstention is appropriate: (1) whether the proceedings involved constitute an ongoing state judicial proceeding; (2) whether the proceedings implicate important state interests; and (3) whether there is an adequate opportunity in the state proceedings to raise constitutional challenges. *Id*. at 432.

7

I suggest that each of these circumstances applies in this case, at least with regard to Plaintiff Timothy Holden. As to the first test, the filing of state criminal charges against Timothy Holden clearly constitutes "an ongoing state judicial proceeding." As to the second test, the existence of criminal proceedings without doubt implicates an "important state interest," namely, the compliance with its criminal laws. Finally, as to the last test, Timothy Holden has a more-than-adequate opportunity to challenge the constitutionality of the search alleged in the complaint. State criminal defendants possess the right under the Fourth Amendment to seek the suppression of the fruits of allegedly unconstitutional searches and seizures, and the Supreme Court has noted the competence of state courts to adjudicate federal constitutional claims. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).

Accordingly, I suggest that abstention is appropriate with regard to Plaintiff Timothy Holden's claims against these defendants. The question remains, however, as to whether abstention is appropriate with regard to Plaintiff Keva Holden's claims. Defendants have not asserted that Plaintiff Keva Holden is currently facing criminal charges. Nevertheless, her claims against these defendants are, I suggest, inextricably intertwined with her husband's. For example, the question of whether the warrant authorizing a search of their home was properly issued under the Fourth Amendment apparently has not yet been raised before the Saginaw County courts, but presumably will be in Timothy Holden's pending case. Therefore, for this Court to address that issue as it relates to Plaintiff Keva Holden prior to the state court's ruling on the question in her husband's criminal case would raise the very concerns that the *Younger* abstention doctrine seeks to avoid. Likewise, whether the criminal charges brought against Keva Holden (which apparently were dropped) were "false or fraudulent" could be impacted by the findings in the criminal case

8

pending against her husband, as the charges apparently stemmed from the same incidents and evidence.

For these reasons, I suggest that this Court abstain from hearing all claims brought in this case against Defendants County of Saginaw, Thomas, and Best, and that these defendants should be dismissed without prejudice until the state criminal proceedings against Plaintiff Timothy Holden are concluded.

### IV.  REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                           s/ *Charles E Binder*
                                          CHARLES E. BINDER
Dated: March 17, 2005                   United States Magistrate Judge

## **CERTIFICATION**

     I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Randy Hackney and Gregory Meter, and served in the traditional manner on Timothy Holden, Keva Holden, Eric Knuth and Christina Grossi.


Dated: March 17, 2005                          By     s/Jean L. Broucek
                                                                     Case Manager to Magistrate Judge Binder