# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### NORTHERN DIVISION

TIMOTHY HOLDEN and
KEVA HOLDEN,

      Plaintiffs,                            CASE NO. 04-CV-10359-BC

v.                                     DISTRICT JUDGE DAVID M. LAWSON
                                        MAGISTRATE JUDGE CHARLES BINDER

COUNTY OF SAGINAW,
CITY OF SAGINAW, SAGINAW
POLICE DEPARTMENT, DETECTIVE
MARK LIVELY, GEORGE BEST II,
AUTO OWNERS INSURANCE COMPANY,
McMARTIN, WASH & ASSOCIATES,
MICHAEL THOMAS, MICHAEL DAWAN,
DIANE FROST, DET. SANDRA PATES,
SECURE CARE, INC., individually and
severely in their official, personal
capacities as Agents, Officers, Managers
and Employees acting under the color of state law,

      Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT SECURE CARE'S MOTION FOR SUMMARY JUDGMENT
(Dkt. 15)

## I.      RECOMMENDATION

For the reasons stated below, **IT IS RECOMMENDED** that the motion be **DENIED.**

## II.   **REPORT**

### A.   **Introduction**

By order of U.S. District Judge David M. Lawson, this case was referred to the undersigned Magistrate Judge for general case management on January 10, 2005. (Dkt. 6.) Pending is the above-entitled motion to which Plaintiffs have responded. (Dkt. 30.) Upon review, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), the motion is ready for Report and Recommendation without oral argument.

Plaintiffs Timothy and Keva Holden, who are husband and wife, filed this case on December 20, 2004. Their *pro se* complaint alleges that on September 18, 2004, an "illegal search warrant" was obtained and their home was searched. (Compl., Dkt. 1 ¶ 13.) Plaintiffs also allege that they were falsely charged with criminal offenses. (*Id.* ¶ 12.) The sole allegation against Defendant Secure Care, Inc., ("Secure Care"), is made in paragraph 10 and states: "While Plaintiff KEVA HOLDEN was in the Saginaw County Jail, she was to be under medical care, as such the medical provider Defendant SECURE CARE, INC. . . . did refuse the Plaintiff any type of medical treatment in violation of her 11th Amend. right to proper medical care while incarcerated." (Compl., Dkt 1, at 4.)

On January 19, 2005, Defendant Secure Care filed an answer to the complaint and the instant motion for summary judgment. On February 18, 2005, Plaintiffs filed a response in opposition to the motion. (Dkt. 30.) Upon review, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), the motion is ready for Report and Recommendation without oral argument.

### B.   **Standard of Review**

Motions for summary judgment are governed by Rule 56(c) of the Federal Rules of Civil Procedure, and will be granted when "there is no genuine issue as to any material fact and . . . the

moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

**C.    Analysis & Conclusion**

In its motion, Secure Care's sole argument is that Plaintiff Keva Holden's allegation should be construed as a medical malpractice action and, so construed, Secure Care is entitled to summary judgment because Plaintiff failed to comply with the Michigan law requiring that "a plaintiff shall file with a complaint in a medical malpractice action an Affidavit of Merit signed by a health professional whom the plaintiff reasonably believes meets the requirements for an expert witness under [Michigan Compiled Laws] § 600.2169." (Def.'s Mot., Dkt. 15, ¶ 4.)

I suggest, however, that Plaintiff's allegation that she was "refuse[d] . . . any type of medical treatment in violation of her 11th Amend. right to proper medical care while incarcerated" cannot be construed as alleging a state law medical malpractice claim. It is well-settled that "*pro se* complaints and other documents, 'however inartfully pleaded,' are held to 'less stringent standards than formal pleadings [and documents] drafted by lawyers,' and are to be liberally construed." *Perreault v. Hostetler*, 884 F.2d 267 (6th Cir.1989) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)). Liberally construing the claim at issue here, I suggest that it alleges a federal civil rights violation.

The Sixth Circuit recently stated the following with regard to a pretrial detainee's rights to medical care while incarcerated:

> While the Eighth Amendment does not apply to pre-trial detainees, the Due Process Clause of the Fourteenth Amendment does provide them with a right to adequate medical treatment that is analogous to prisoners' rights under the Eighth Amendment. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983); *Watkins v. City of Battle Creek*, 273 F.3d 682, 685-86 (6th Cir. 2001).

3

*Gray v. City of Detroit*, ___ F.3d ___ (6th Cir. March 1, 2005) (slip op.).  A citizen's claim for an alleged violation of their constitutional rights is properly brought under 42 U.S.C. § 1983.  The elements of such a claim are (1) that the challenged conduct was attributable to a "person" acting under color of state law that (2) deprived the plaintiff of "any rights, privileges, or immunities secured by the Constitution" or the laws of the United States.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970).

I suggest that, construing the complaint liberally, *pro se* Plaintiff Keva Holden has alleged a violation of her Fourteenth Amendment rights.  With regard to the first element, Plaintiff has not sued an "individual," but rather Secure Care, a corporation that the complaint alleges was the medical provider contracted to supply medical services at the Saginaw County Jail.  The Sixth Circuit has stated: "It is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'"  *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54, 108 S. Ct. 2250, 2258, 101 L. Ed. 2d 40 (1988)).  *See also Marbry v. Correctional Medical Services*, No. 99-6706, 2000 WL 1720959, at **2 (6th Cir. Nov. 6, 2000) (unpublished).

With regard to the second element, I suggest that the complaint's mistaken citation to the Eleventh Amendment instead of the Fourteenth Amendment is not fatal to the claim.  *See Quinn-Hunt v. Bennett Enters., Inc.*, 2005 WL 180966 (6th Cir. Jan. 26, 2005) ("[t]he failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of the claim") (unpublished).  Furthermore, although Plaintiff's factual detail is extremely slim, she does state that she was in need of medical assistance and was refused any type of medical care.  Liberally construing this *pro se* assertion as the Court is required to do, I suggest that it adequately alleges

4

a violation of a jail detainee's constitutional right to not have her medical needs met with deliberate indifference. *See Figel v. Overton*, 2005 WL 280464 (6th Cir. Feb. 4, 2005) ("[t]he presentation of even 'inferential allegations' respecting the material elements of a claim suffices to state a claim upon which relief can be granted") (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988)) (unpublished).

Accordingly, because I suggest that the complaint alleges a § 1983 claim of a Fourteenth Amendment violation, and not a state law medical malpractice claim, I further suggest that Defendant Secure Care's motion for summary judgment should be denied.

## III.  **REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

s/ *Charles E. Binder*

CHARLES E. BINDER
United States Magistrate Judge

Dated: March 17, 2005

5

## **CERTIFICATION**

     I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Randy Hackney and Gregory Meter, and served in the traditional manner on Timothy Holden, Keva Holden, Eric Knuth and Christina Grossi.


Dated:  March 17, 2005               By     s/Jean L. Broucek
                                       Case Manager to Magistrate Judge Binder