UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TIMOTHY HOLDEN and KEVA
HOLDEN

                Plaintiffs,

v.

COUNTY OF SAGINAW, CITY
OF SAGINAW, SAGINAW POLICE
DEPARTMENT, DETECTIVE MARK
LIVELY, GEORGE BEST II, AUTO
OWNERS INSURANCE COMPANY,
McMARTIN, WASH & ASSOCIATES,
MICHAEL THOMAS, MICHAEL
DAWAN, DIANE FROST, DET. SANDRA
PATES, SECURE CARE, INCORPORATED,

                Defendants.
_____/

Civil No. 04-10359-BC
Hon. David M. Lawson
Magistrate Judge Charles E. Binder

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORTS AND
RECOMMENDATIONS, GRANTING DEFENDANTS' MOTION TO DISMISS,
DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT, AND DISMISSING SAGINAW COUNTY, MICHAEL
THOMAS, AND GEORGE BEST II AS PARTIES**

Before the Court is a motion to dismiss by defendants Saginaw County, Michael Thomas, and George Best II and defendant Secure Care, Inc.'s motion for summary judgment. On December 20, 2004, the plaintiffs Timothy and Keva Holden filed a *pro se* complaint alleging that some of the defendants brought false and fraudulent charges against the plaintiffs, used false witness testimony, gave false information to the local media, and authorized an illegal search of the plaintiffs' residence. The complaint also alleged:

> While Plaintiff Keva Holden was in the Saginaw County Jail, she was to be under medical care, as such the medical provider Defendant Secure Care, Inc., and Defendant Saginaw County Jail, did refuse the Plaintiff any type of medical treatment in violation of her 11th Amend, right to proper medical care while incarcerated.

Compl. ¶ 10. The motion to dismiss was filed on January 7, 2005. Thereafter, the Court referred the case to United States Magistrate Judge Charles E. Binder for general case management pursuant to 28 U.S.C. § 636(b) and E.D. Mich. LR 72.1. On January 19, 2005, defendant Secure Care, Inc. filed a motion for summary judgment arguing that the complaint raised a medical malpractice claim without meeting certain state law requirements.

On March 17, 2005, the magistrate judge issued a report recommending that the Court grant the motion to dismiss by defendants Saginaw County, Michael Thomas, and George Best II and dismiss the claims against these parties without prejudice. The magistrate judge concluded that it was appropriate for the Court to abstain from the claims against these defendants until criminal proceedings against plaintiff Timothy Holden concluded. The plaintiffs did not file any objections to the report and recommendation. The plaintiffs' failure to file objections to the report and recommendation waives any further right to appeal. *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motions. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). However, the Court agrees with the findings and conclusions of the magistrate judge. The Court will dismiss the claims against these defendants without prejudice.

Also on March 17, 2005, the magistrate judge issued a report recommending that the Court deny defendant Secure Care, Inc.'s motion for summary judgment because *pro se* plaintiff Keva Holden adequately pleaded a claim based on violation of a Fourteenth Amendment pursuant to 42 U.S.C. § 1983 for deliberate indifference to a serious medical need. On March 24, 2005, Secure Care, Inc. filed timely objections to the report and recommendation. Secure Care, Inc. contends that the complaint fails to plead the elements of the claim. As the magistrate judge found, however,

when he liberally construed this *pro se* complaint, it alleges a constitutional violation for deliberate indifference to a serious medical need. *See Perreault v. Hostetler*, 884 F.2d 267 (6th Cir. 1989) (*pro se* complaints are held to less stringent standards). The Federal Rules of Civil Procedure require only that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Smith v. City of Salem*, 378 F.3d 566, 577 (6th Cir. 2004) *quoting Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Upon consideration of these standards, the Court finds that the defendant has fair notice of the *pro se* plaintiffs' claim. If the plaintiff cannot support her claim after discovery, the defendant may request appropriate relief.

Accordingly, it is **ORDERED** that the magistrate judge's reports and recommendations are **ADOPTED**.

It is further **ORDERED** that the motion to dismiss by defendants Saginaw County, Michael Thomas, and George Best II [dkt # 4] is **GRANTED**.

It is further **ORDERED** that the defendant Secure Care, Inc.'s motion for summary judgment [dkt # 15] is **DENIED**.

It is further **ORDERED** that all claims by or against Saginaw County, Michael Thomas, and George Best II's are **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that the matter is referred to the magistrate judge under the present order for general case management.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: May 18, 2005

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 18, 2005.

s/Tracy A. Jacobs  
TRACY A. JACOBS