**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

TIMOTHY HOLDEN and
KEVA HOLDEN,

    Plaintiffs,                                    CASE NO. 04-CV-10359-BC

v.                                                      DISTRICT JUDGE DAVID M. LAWSON
                                                              MAGISTRATE JUDGE CHARLES BINDER

CITY OF SAGINAW,
SAGINAW POLICE DEPARTMENT,
DETECTIVE MARK LIVELY,
AUTO OWNERS INSURANCE
COMPANY, McMARTIN, WASH
& ASSOCIATES, MICHAEL DAWAN,
DIANE FROST, DET. SANDRA PATES,
SECURE CARE, INCORPORATED,

    Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANTS McMARTIN, WASEK & ASSOCIATES
AND MICHAEL DWAN'S MOTION FOR SUMMARY JUDGMENT**
(Dkt. 38)

**I.    RECOMMENDATION**

    **IT IS RECOMMENDED** that Defendants' Motion be **GRANTED**.

**II.    REPORT**

    **A.    Introduction**

    By order of U.S. District Judge David M. Lawson, this case was referred to the undersigned Magistrate Judge for general case management on January 10, 2005. Pending is the above-entitled motion filed May 3, 2005. Plaintiffs have failed to respond within the time limits set forth in a

notice filed May 9, 2005.  (Dkt. 39.)  Upon review, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

Plaintiffs Timothy and Keva Holden filed their *pro se* complaint on December 20, 2004.  Plaintiff's primary claim is summarized in the opening paragraph of the complaint, which states: "This is a Tort action stating that the Defendants brought False and fraudulent criminal charges against the Plaintiff, using a false witness that they knew or should have known did not have the information enough to prosecute the Plaintiff."  (Compl., Dkt. 1 at ¶ 1.)  As to Defendant McMartin, Wasek & Associates,[1] there is no specific reference to this entity anywhere in the complaint other than the caption.  As to Defendant Michael Dwan,[2] the only direct reference appears in paragraph eight of the complaint which states:

> This is a Tort action stating that the Defendants Michael Dawan [sic] were negligent in her handling and delivery of his private documents and other information of the Plaintiff Keva Holden which they knew or should have known could not be delivered to any other person without consent or proper authorization FM 64, or a warrant to Det. Sgt. Mark Lively.

(*Id.*, ¶ 8.)

Plaintiffs seek the award of $5,000,000.00 compensatory damages, as well as $5,000,000.00 exemplary and punitive damages from each Defendant.  I previously recommended that Defendants Saginaw County, Michael Thomas and George Best, II, be dismissed.  This recommendation was adopted by Judge Lawson on May 18, 2005.  (Dkt. 40.)

In this motion, Defendants allege that McMartin, Wasek & Associates is a company specializing in insurance adjustment and was hired by Auto Owners Insurance Company to adjust

---

[1] Defendant Wasek's name is incorrectly spelled as "Wash" in Plaintiffs' complaint.

[2] Defendant Dwan's name is incorrectly spelled as "Dawan" in Plaintiffs' complaint.

2

an insurance loss claimed by Plaintiffs. Defendants state that Defendant Michael Dwan is an employee of McMartin, Wasek assigned to adjust the claim.

### B. Analysis and Conclusions

Although Defendants titled their motion as one for summary judgement, Defendants consistently cite Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides for dismissal for failure to state a claim upon which relief can be granted. "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). Accordingly, when deciding a dismissal motion, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)).

As mentioned earlier, the complaint in this case was filed by Plaintiff acting in pro per. ". . . [A] *pro se* litigant, whether a plaintiff or defendant, is required to follow the law." *Williams v. Sears, Roebuck and Co.*, 143 F. Supp. 2d 941, 947 (W.D. Tenn. 2001). As the U.S. Supreme Court stated in *McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993), "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *Id*. at 113. A *pro se* litigant's pleadings are construed liberally and judged against a less stringent standard than pleadings drawn

by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). However, it "is not the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In other words, the court is not to "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2). Here, Plaintiffs have failed to allege any facts in support of their claim against either of these Defendants, in fact Defendant McMartin, Wasek & Associates is never mentioned at any point in the body of the complaint. The complaint consists entirely of conclusory legal allegations. Conclusory assertions with neither specific factual allegations nor specific linkage to a defendant fail to state a claim. *See Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986); *see also Hendrock v. Gilbert*, 68 Fed. Appx. 573, 574 (6th Cir. 2003) ("[C]omplaint was vague, conclusory, and contained no factual allegations upon which a valid federal claim may rest. Thus, even under the most liberal construction, [the] complaint did not state a claim for relief.") Under these standards, I suggest that since Plaintiffs have failed to meet the minimum pleading standards set forth in Rule 8 as to either Defendant McMartin, Wasek & Associates or Dwan, dismissal pursuant to Rule 12(b)(6) is appropriate as to both of these Defendants.

The only other allegation which could potentially implicate any of these Defendants is set forth in paragraph 27 which is also called Claim III. This paragraph reads as follows:

> That the Defendants violated the Freedom of Information Act. by giving Det. Sgt. Mark Lively, of the Saginaw Police Dept., acted through their agent Det. Sgt. Mark Lively, to commit the wrongful acts of bringing false and fraudulent charges

4

>against the Plaintiff in order to falsely prosecute him for acts that he did not do, all with the full knowledge that he did not commit said acts, knowing that their actions would harm the Plaintiff and subject him to undue expense for attorney fees, damage his reputation in the community and leave him in fear for other undue harm against him, in violation of the Federal Statues.

(Compl., Dkt. 1, ¶ 27.)

After review of Plaintiffs' complaint, I suggest that this claim fails as to these Defendants. The federal Freedom of Information Act (FOIA) applies only to agencies of the executive branch of the United States Government. 5 U.S.C. §§ 551(1), 552(f); *see also Philip Morris, Inc., v. Harshbarger*, 122 F.3d 58, 83 (1st Cir. 1997). Similarly, under Michigan's FOIA, only "public bodies" are required to disclose public records that are not specifically exempt from disclosure under the act. *Sclafani v. Domestic Violence Escape*, 255 Mich. App. 260, 264, 660 N.W. 2d 97 (2003); *Landry v. City of Dearborn*, 259 Mich. App. 416, 419, 674 N.W.2d 697 (2003). The FOIA does not apply to private corporate entities such as McMartin, Wasek & Associates, or its employees. I therefore suggest that the grant of Defendants' motion is also appropriate on this basis.

### III.  REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health &*

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                          s/ *Charles E Binder*
                                                         CHARLES E. BINDER
Dated: June 24, 2005                           United States Magistrate Judge

## **CERTIFICATION**

     I hereby certify that this document was electronically filed this date, electronically served on John A. Decker, Christina M. Grossi, Randy J. Hackney, Gregory E. Meter, and served in the traditional manner on Timothy and Keva Holden, Eric J. Knuth, Peter C. Payette, Loretta B. Subhi and Honorable David M. Lawson.

Dated:  June 24, 2005                            By      s/Mary E. Dobbick
                                                         Secretary to Magistrate Judge Binder