UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TIMOTHY HOLDEN and
KEVA HOLDEN,

    Plaintiffs,                       CASE NO. 04-CV-10359-BC

v.                                     DISTRICT JUDGE DAVID M. LAWSON
                                       MAGISTRATE JUDGE CHARLES BINDER

SECURE CARE, INC.,

    Defendant.

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ON DEFENDANT SECURE CARE, INC.'S MOTION FOR SUMMARY JUDGMENT**
(Dkt. 45)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant Secure Care, Inc.'s Motion for Summary Judgment be **GRANTED** and that the case be **DISMISSED**.

## II.    REPORT

### A.    Introduction

By order of U.S. District Judge David M. Lawson, this case was referred to the undersigned Magistrate Judge for general case management on January 10, 2005. (Dkt. 6.) Pending is the above-entitled motion. Plaintiffs have filed no response within the deadlines set forth in a notice requesting response filed September 22, 2005. (Dkt. 46.) Upon review, I therefore conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

Plaintiffs Timothy and Keva Holden, husband and wife, filed this case on December 20, 2004. Their *pro se* complaint alleges that on September 18, 2004, an "illegal search warrant" was obtained, and their home was searched. (Compl., Dkt. 1, ¶ 13.) Plaintiffs also allege that they were falsely charged with criminal offenses (*Id*. ¶ 12), and that while incarcerated in the Saginaw County Jail, Plaintiff Keva Holden was denied medical treatment. (*Id*. ¶ 10.)

In March and June, 2005, I issued Reports and Recommendations suggesting the dismissal without prejudice of claims against Defendants Saginaw County, Michael Thomas, and George Best II, and the grant of summary judgment in favor of Defendants. (Dkts. 35 & 41.) These recommendations were adopted. (Dkts. 40 & 42.) I also issued a Report and Recommendation in March suggesting the denial of a motion for summary judgment filed by Secure Care, Inc., as I concluded that Plaintiff Keva Holden had adequately pled a claim based upon a violation of the 14th Amendment pursuant to 42 U.S.C. § 1983 for deliberate indifference to a serious medical need. Defendant Secure Care filed timely objections, and on May 19, 2005, Judge Lawson adopted the recommendation and denied Secure Care's motion. (Dkt. 40.)

Plaintiff Keva Holden's claim against Secure Care was thus placed in the normal process for case development, and on August 4, 2005, an order requiring a Rule 26(f) meeting was filed. (Dkt. 43.) The case was set for pretrial conference on September 12, 2005, and that conference was adjourned to September 28, 2005. (Dkt. 44.) One week prior to the pretrial conference, Defendant Secure Care filed the instant motion. (Dkt. 45.) A notice to respond to the motion was issued the next day. (Dkt. 46.) Plaintiffs failed to appear at the date and time set for pretrial conference, and as noted above, have also failed to respond to the instant motion.

**B.    Law and Analysis**

A motion for summary judgment will be granted under Rule 56(c) where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). In determining whether the moving party has met its considerable burden, a court may consider the plausibility of the moving party's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex*, 477 U.S. at 326.

In response, the non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 191 L. Ed. 2d 202 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). When the non-moving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. Instead, the court will rely upon the "facts presented and designated by the moving party." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404 (6th Cir. 1992). The Sixth Circuit explicitly instructs that it is "utterly inappropriate for the court to abandon its position of neutrality in favor of a role

equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Id.* at 406.

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

In the instant motion, counsel for Defendant Secure Care states that on August 17, 2005, a series of requests to admit were forwarded to Plaintiff Keva Holden. (Def.'s Mot., Dkt. 45, Ex. 2.) Defendant states that Plaintiff has failed to respond to these requests within the time limits set forth in the Federal Rules of Civil Procedure, and, as a result, the requests are deemed to be admitted. Defendant then concludes that reading together these requests now deemed admitted eliminates any possibility that genuine issues of material fact exist in this case, therefore justifying the grant of summary judgment in favor of Defendant Secure Care.

The requests at issue ask Plaintiff Keva Holden to admit that she made no medical complaints while at the Saginaw County Jail, that any care she received was not grossly negligent, that Secure Care's agents and employees were at no time deliberately indifferent to Keva Holden's medical needs, that Keva Holden did not in fact have medical conditions that needed to be addressed during her stay at the Saginaw County Jail, that Keva Holden has obtained no medical or other expert testimony indicating that Secure Care or its agents did anything improper during her stay at the jail, and that she suffered no adverse medical effects from her stay at the Saginaw County Jail. (*Id.*)

4

Rule 36 of the Federal Rules of Civil Procedure provides in pertinent part as follows:

**(a)** **Request for Admission.** A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements of opinions or facts or of the application of law to fact, . . . .

Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. . . .

By the explicit terms of this Rule, a failure to respond to requests to admit within 30 days renders the requests admitted. I suggest that counsel for Defendant is correct that Plaintiff's failure to answer renders the requests admitted, and once the requests are deemed admitted and read together, there are no substantial issues of material disputed fact remaining in Plaintiff's original claim against Defendant Secure Care. I therefore suggest that the grant of summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and under the standards set forth above is appropriate.

I further suggest that dismissal of this case for want of prosecution could also be appropriate. Rule 41(b) of the Federal Rules of Civil Procedure gives a court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . . ." FED. R. CIV. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it

may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)). When deciding whether to dismiss a case for want of prosecution, courts are guided by competing concerns:

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. . . . On the other hand is the policy which favors disposition of cases on their merits.

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citation omitted).

In this case, Plaintiff has failed to respond to Defendant's requests to admit. In addition, and more importantly, Plaintiff failed to engage in the Rule 26 process ordered by this Court, failed to attend a pretrial conference ordered by the Court, and failed to respond to the instant motion. I therefore suggest that Plaintiff has failed to actively pursue the litigation which she initiated, and, as a result, suggest that the case can be *sua sponte* dismissed for failure to prosecute.

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health &*

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

 

                                                     s/ *Charles E. Binder*
                                                          CHARLES E. BINDER
Dated: November 18, 2005                          United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Randy Hackney and John Decker, and served in the traditional manner on Timothy and Keva Holden, Eric Knuth, Peter Payette and Honorable David Lawson.

Dated:  November 18, 2005                        By     s/Mary E. Dobbick
                                                               Secretary to Magistrate Judge Binder