UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


TIMOTHY HOLDEN,
KEVA HOLDEN,

      Plaintiffs,                       CASE NO. 04-CV-10359-BC

v.                                      DISTRICT JUDGE DAVID M. LAWSON
                                      MAGISTRATE JUDGE CHARLES BINDER

CITY OF SAGINAW,
SAGINAW POLICE DEPARTMENT,
MARK LIVELY,
AUTO OWNERS INSURANCE CO.,
DIANE FROST,
SANDRA PATES,

      Defendants.
_____/


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


### I.     RECOMMENDATION

**IT IS RECOMMENDED** that this case be *sua sponte* **DISMISSED WITHOUT PREJUDICE** for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.2.


### II.     REPORT

Plaintiffs' *pro se* complaint was filed on December 20, 2004, and was referred to the undersigned magistrate judge for pretrial case management pursuant to 28 U.S.C. § 636(b). (Dkt. 6.) The complaint was initially brought against twelve defendants. Following several dispositive motions for dismissal, only the above-named defendants remain in the case as of December 15, 2005.

On January 4, 2006, the Court issued a notice to all remaining parties instructing them to appear for a Rule 16 pretrial conference on Monday, February 13, 2006, at 11:30 a.m.  (Dkt. 50.) On the date of the scheduled conference, counsel for defendants appeared, however, Plaintiffs did not appear and made no contact with the Court to explain their absence.  Accordingly, on February 28, 2006, the Court issued an order directing the Plaintiffs to show cause in writing on or before March 17, 2006, why this case should not be dismissed for want of prosecution for their failure to appear or otherwise notify the Court of their inability to attend on the scheduled date.  (Dkt. 51.) Plaintiffs did not respond to the Court's order, and the deadline imposed by the Court has passed.

Rule 41(b) of the Federal Rules of Civil Procedure gives a court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . . ."  FED. R. CIV. P. 41(b).  Likewise, the local rules provide that when "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice . . . enter an order dismissing . . . the case unless good cause is shown."  E.D. Mich. LR 41.2.

The Sixth Circuit has counseled that "[t]his measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir.1984)).  The general practice in the Sixth Circuit, however, is to dismiss without prejudice cases for failure to prosecute.  *See, e.g., Patterson v. Grand Blanc Twp.*, 760 F.2d 686 (6th Cir. 1985).  When deciding whether to dismiss a case for want of prosecution, courts are guided by competing concerns:

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant

2

because the plaintiff has failed to actively pursue its claims. . . . On the other hand is the policy which favors disposition of cases on their merits.

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citation omitted).

In this case, Plaintiffs failed to appear for a scheduled conference without any prior notice or subsequent explanation. Defense counsel therefore unnecessarily incurred the expense, both in time and money, of traveling to the courthouse. Plaintiffs further failed to respond to the Court's order directing them to provide an explanation. Although Plaintiffs are proceeding *pro se*, it has long been settled that "[e]ven a *pro se* litigant, whether a plaintiff or defendant, is required to follow the law." *Williams v. Sears, Roebuck and Co.*, 143 F. Supp. 2d 941, 947 (W.D. Tenn. 2001). As the U.S. Supreme Court stated in *McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993), "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *Id.* at 113.

Accordingly, I find that Plaintiffs have failed to actively pursue the litigation which they initiated and therefore recommend that the case be *sua sponte* dismissed for failure to prosecute.

## III.   <u>REVIEW</u>

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections

a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*,

931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,

1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be

served upon this Magistrate Judge.

s/  *Charles E Binder*

CHARLES E. BINDER

Dated: April 19, 2006                                     United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on John A Decker, and served in the traditional manner on Keva Holden, Timothy Holden, Eric J. Knuth, Peter C. Payette, and Honorable David M. Lawson.

Dated:  April 19, 2006                            By          s/Mary E. Dobbick
                                                                  Secretary to Magistrate Judge Binder